JEREMIAH HAYES *vs.* THE WESTERN RAILROAD CORPORATION.

The proprietors of a railroad are not responsible to a brakeman in their employment, for an injury sustained by him in consequence of the neglect or fault of another brakeman engaged in the same service, even though the latter be at the same time the acting conductor of a train of freight cars.

If a brakeman, employed on a train of cars by the proprietors of a railroad, sustains an injury in consequence of the carelessness of another brakeman employed in the same service, and the injury would not have happened if the latter had performed his duty, it is immaterial, as respects the liability of the proprietors of the road, whether the train was short of hands or not.

THIS was an action on the case, for an injury sustained by the plaintiff, whilst in the employment of the defendants as a brakeman on a freight train between Worcester and Springfield. The case was tried before *Wilde*, J., and by him reported for the consideration of the whole court, as follows: —

The testimony of several witnesses tended to show, that on the night when the alleged injury occurred, there were about one hundred freight cars to go from Worcester to Springfield, the whole of which were under the charge of a conductor, who divided them into four trains, three being drawn by large engines, and one by a smaller engine. The conductor went on the first train. Each of the others was under the charge of a brakeman, acting as conductor and brakeman, as was usual in such cases.

The plaintiff was on the third train, which had from twenty-five to thirty cars. Three brakemen were provided by the company for this second train, but one of them did not take his place on the train that night when it left Worcester. It did not appear that any officer or agent of the company gave him leave of absence. The night was dark and stormy, and the track slippery. When the second train was about four miles out of Worcester, ascending a grade of thirty-five to fifty feet, six double cars in the rear broke loose, and, having no brakeman on them, ran down the grade, came in contact with the next train, where the plaintiff was, and inflicted on him the injury of which he complained.

There was evidence tending to show, that before the second train left Worcester, one of the brakemen spoke to the other, who was the acting conductor, and told him he wished to get on to the engine and warm his feet, and that the acting conductor told him he might do so, and he, the acting conductor, would take his place on the rear car. The evidence on both sides showed, that it was known to all engaged in this business of managing freight trains, that it was necessary to have a brakeman on the rear car; and there was evidence tending to show, that the defendants had given orders to their brakemen to that effect.

The evidence produced by both parties showed, that if a man had been stationed on the rear car, on this occasion, he could have stopped the cars, which were separated, and prevented the collision ; but there was also evidence tending to prove, that two brakemen were not a sufficient number safely to manage a train of the size and weight of this one ; and there was evidence to the contrary.

There was also evidence tending to show, that there were brakes on all the cars, and that the usual mode of conducting trains was to station the conductor and brakemen on the train, so that each would have an equal number of cars under his charge, each standing on the rear car of his charge.

The presiding judge ruled, that the defendants were not responsible to the plaintiff, for any damage suffered by him

in consequence of neglect of duty and breach of orders by the acting conductor of the second train ; and that, as to the number of brakemen, the defendants would be responsible, if the number was not sufficient to insure safety, if the brakemen had all done their duty; but if they believed, that if the brakeman, whose duty it was to have been on the rear car, had been there doing his duty, the injury would not have taken place, then it was immaterial whether the train was short of hands or not.

The jury returned a verdict for the defendants

*F. W. Sawyer,* for the plaintiff.

*B. R. Curtis,* for the defendants.

FLETCHER, J.　This is an action on the case, for an injury sustained by the plaintiff, at the time he was in the employment of the defendants, as a brakeman on a freight train between Worcester and Springfield, as stated in the report.

The case comes before the court upon exceptions taken by the plaintiff to the rulings of the judge who presided at the trial.　It appeared from the evidence, that if a man had been stationed on the rear car of the second train, he would have been able to stop the cars which were separated, and thus have prevented the collision.　There were on this train two brakemen.　One of them, who would otherwise have been stationed on the rear car, went forward to warm himself, and the other agreed to take his place on the rear car, but neglected to do so, and by this neglect, the injury happened. This brakeman was also the acting conductor of the train for this particular occasion.　He ought to have taken his station as brakeman on the rear car of the second train, as he agreed to do, and as he was required to do by the general orders of the defendants.

The judge ruled, that the defendants were not responsible to the plaintiff for any damage suffered by him in consequence of the neglect of duty and breach of orders by the acting conductor of the second train.　To this ruling exception is taken.

This ruling is in accordance with the decision of this

court in the case of *Farwell* v. *Boston & Worcester Railroad Corporation,* 4 Met. 49, in which it was settled, that a master is not answerable to one of his servants, for an injury received by him in consequence of the carelessness of another servant, while both are engaged in the same service. It is not necessary, on this occasion, to go into the reasoning by which the decision in that case was sustained. The case was thoroughly considered, and is believed to be fully sustained by reason and authority; and the court has no disposition to disturb the authority, or to depart from the decision of that case. The counsel for the plaintiff has endeavored to distinguish this case from the one referred to, and thus to withdraw the present case from the operation of that decision. He says, that in the case referred to, the party in fault, and the party injured, were of the same grade of employment, both being laborers; and that the case is therefore an authority only in reference to cases where the parties sustain the same relation to the corporation; but that when a laborer is injured by the neglect of an officer, the rule does not apply. The distinction for which he contends is, that though the company is not responsible to a laborer, for neglect of an ordinary laborer, yet they are answerable for the neglect of an officer, and that in the present case, the neglect was that of an officer.

It is not necessary to consider particularly the soundness of this argument, because, even if it were correct in principle, it fails entirely in matter of fact. It is distinctly set forth and settled by the report, that the party chargeable with neglect, and the party injured, were both brakemen of precisely the same grade. Although the brakeman in default was the acting conductor on this occasion, yet he was but a brakeman, charged with the duty of that class of laborers, and his neglect was in that character only, and not as conductor. As between him and the other brakeman, it was a matter of indifference which took his station on the rear car; that was matter of arrangement and concert between them; and this brakeman having engaged to take that station as such, and having neglected to do so, the default was the default of this

brakeman ; for which default, by the decision of this court in the case above cited, the defendants are not answerable to the plaintiff.    The ruling in this particular was therefore clearly correct.

The second clause of the ruling was not objected to.

The last part of the ruling, as to the immateriality of the trains' being short handed, is objected to as incorrect.    But when it is established, that the injury complained of was occasioned by the neglect of the man on the train, and not by reason of the absence of the man, then surely the absence of the man becomes immaterial.    The reasonings and calculations of the counsel, as to chances and probabilities, are skilful and ingenious, but chance and probability are too remote and contingent to be the basis of judicial decision in a case like this.    The proximate cause is the object of inquiry, and when discovered, is to be regarded and relied on.

Then it was said, that whether material or not was to be left to the jury.    But surely it was within the province and the duty of the court to instruct the jury, that a fault, if any, of the defendants, from which the plaintiff had not suffered, and of which he had no right to complain, was immaterial. Any fault of the defendants, not affecting the plaintiff, was certainly in legal contemplation immaterial in this case.

*Judgment on the verdict.*